U.S. Magistrate Judge Paula McCandlis

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD SHARON,<br><br>Defendant. | CASE NO. MJ18-438<br><br>COMPLAINT for VIOLATION<br><br>Title 21, U.S.C. Sections 841(a)(1), 841(b)(1)(A) and Title 18 United States Code Section 2 |

BEFORE Paula McCandlis, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT ONE

**(Possession of Methamphetamine with Intent to Distribute)**

On or about September 20, 2018, in Seattle, Washington, within the Western District of Washington, and elsewhere, the Defendant, RICHARD SHARON, did knowingly and intentionally possess, and did aid and abet the possession of, with the intent to distribute, methamphetamine, a controlled substance under Title 21, United States Code, Section 812.

COMPLAINT/SHARON- 1
Case No. MJ18-438

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

It is further alleged that the offense involved five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

And the complainant states that this Complaint is based on the following information:

I, Geoffrey Provenzale, a Special Agent with the Drug Enforcement Administration, being first duly sworn on oath, depose and say:

## I. INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent (SA) with the United States Drug Enforcement Administration (DEA), and have been so employed since April 2015. I am currently assigned to the Seattle Field Division. In this capacity, I investigate violations of the Controlled Substance Act, Title 21, United States Code, Section 801 et seq., and related offenses. I have received specialized training in the enforcement and investigation of the Controlled Substance Act. I have received over 620 hours of classroom training including but not limited to, drug identification, drug interdiction, detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, cultivation, manufacturing and illicit trafficking of controlled substances.

2. In my role as a Special Agent for the Drug Enforcement Administration, I have negotiated for and purchased narcotics acting in an undercover capacity. I have participated in narcotics investigations (i.e. heroin, fentanyl, cocaine, marijuana, and methamphetamine) which have resulted in the arrest of individuals and the seizure of illicit narcotics and/or narcotic-related evidence and the forfeiture of narcotics related assets. I have been involved in the service of search warrants as part of these investigations. As a result of my experience in serving these search warrants, I have

COMPLAINT/SHARON- 2
Case No. MJ18-438

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

encountered and have become familiar with various tools, methods, trends, paraphernalia and related articles utilized by various traffickers in their efforts to import, conceal, and distribute controlled substances. I am also familiar with the various methods of packaging, delivering, transferring, and laundering drug proceeds. Additionally, through my training and experience, I can identify illegal drugs by sight, odor, and texture.

3. I have written affidavits in support of court authorized federal warrants and orders in the Western District of Washington for TIII interceptions, GPS tracking of telephones, search warrants, and tracking of vehicles. Additionally, I have testified in grand jury proceedings, written investigative reports, and conducted and participated in numerous interviews of drug traffickers, of various roles within drug organizations, which has provided me with a greater understanding of the methods by which drug trafficking organizations operate.

4. I have obtained the facts set forth in this affidavit through my personal participation in the investigation described below; from oral and written reports of other law enforcement officers; and from records, documents and other evidence obtained during this investigation. I have obtained and read official reports prepared by law enforcement officers participating in this investigation and in other investigations by the DEA. When I refer to registration records for vehicles, I am relying on records obtained from the Washington State Department of Licensing (DOL). Insofar as I have included event times in this affidavit, those event times are approximate.

5. As set forth below, there is probable cause to believe that Defendant RICHARD SHARON possessed methamphetamine with the intent to distribute it, in violation of Title 21 of the United States Code. Since this affidavit is being submitted for the limited purpose of establishing that probable cause, I have not included every fact known concerning this investigation. I have set forth only the facts that I believe are essential for a fair determination of probable cause.

COMPLAINT/SHARON- 3
Case No. MJ18-438

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. SUMMARY OF PROBABLE CAUSE

### A. INFORMATION REGARDING INVESTIGATION OF SHARON

6. The DEA and Seattle Police Department (SPD) have been investigating RICHARD SHARON who distributes narcotics, including crystal methamphetamine, in the Western District of Washington. During August 2018, through the use of a confidential source (CS1)[1], investigators conducted a controlled purchase from SHARON of a quantity of crystal methamphetamine in excess of 500 grams.

7. Subsequent to the controlled purchase, through a state authorized court order, investigators obtained tracking information for a vehicle registered to SHARON: a 2002 Infiniti Q45, Washington license plate number ACG2169 (hereinafter target vehicle); and a phone associated with SHARON: 206-618-2421 (hereinafter target telephone). Location tracking data of both the target vehicle and target telephone, as well as information received from "ActivSpace" revealed that SHARON utilized an office space, located at 10015 Lake City Way NE, Unit #328, Seattle, Washington (hereinafter target location), on a regular basis.

### B. SEARCH WARRANT EXECUTION

8. Based on the information outlined above, I obtained federal search warrants from this Court for the target location and target vehicle on September 19, 2018. Those warrants were executed on September 20, 2018.

9. On September 20, 2018, at approximately 10:00 a.m., investigators established surveillance at the target location. At approximately 10:15 a.m., I observed the target vehicle and SHARON arrive at the target location. On the same date, during the afternoon, CS1 contacted SHARON and agreed to meet with SHARON to purchase

---

[1] According to NCIC, CS1 was convicted before 2011 in the Western District of Washington for Conspiracy to Distribute a Controlled Substance, Distribution of Cocaine, Possession with Intent to Distribute Cocaine and Possession with Intent to Distribute Methamphetamine. CS1 was arrested in 2018 for distribution of controlled substances and is cooperating with law enforcement for sentencing consideration.

Case No. MJ18-438

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

approximately 3 kilograms of crystal methamphetamine from SHARON. CS1 and SHARON agreed to meet at a grocery store parking lot in Seattle, Washington.

10. At approximately 5:15 p.m., an investigator observed SHARON exit the target location and enter into the target vehicle. Tracking data indicated the target vehicle travelled directly to the grocery store parking lot. At approximately 5:28 p.m., I observed the target vehicle arrive in the grocery store parking lot and park. At a neutral location, CS1 and his/her vehicle were searched prior to the meeting with SHARON. Both CS1 and the vehicle had no unauthorized items or contraband. CS1 was then given $21,000 in official funds and a recording device by investigators. Investigators then followed CS1 directly to the grocery store parking lot.

11. At approximately 5:45 p.m., I observed CS1 arrive in the grocery store parking lot and enter into the passenger's side of the target vehicle empty handed. Shortly thereafter, CS1 exited the target vehicle carrying a large shoe box. SPD Officers then arrested SHARON inside the target vehicle. I seized the shoebox from CS1 and observed two large packages inside of it containing what appeared to be, based upon my training and experience, multiple pounds of crystal methamphetamine. CS1 stated it was approximately three kilograms and he/she had received it in the vehicle from SHARON in exchange for the official funds. The material in the shoe box weighed 3,039.1 grams, and field tested positive for methamphetamine.

12. SHARON was placed under arrest and read his *Miranda Rights*. SHARON stated he understood his rights. SHARON was informed that investigators had a search warrant for the target vehicle and the target vehicle was then searched by law enforcement. Investigators seized the $21,000 in official funds from the inside of the target vehicle.

13. SHARON stated to investigators that he had just "sold" to CS1 the last of the methamphetamine he had on hand. SHARON stated that within the target location investigators would find about a "pound of duff" and a small quantity of methamphetamine within his desk. SHARON described "duff" as the powder/shards of


COMPLAINT/SHARON- 5
Case No. MJ18-438


UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  methamphetamine that had been left over from larger quantities. He stated it normally
2  accumulated in the bottom of bags containing large quantities of methamphetamine.

3      14.    At approximately 7:12 p.m., investigators executed the search warrant at the target location. Upon a search of the target location, investigators located quantities of methamphetamine consistent with SHARON's statements. The "duff" material weighed 203.3 grams and field tested positive for methamphetamine. In addition, investigators located drug ledgers, multiple gallon size Ziploc bags, and a large bucket of "cutting" material, I know from my training an experience is used by drug traffickers to add to controlled substances to increase their volume for sale. SHARON later stated the cutting material was used to "cut" methamphetamine. Based on my training and experience, these items are consistent with distribution of narcotics.

### III. CONCLUSION

15.    Based on the above facts, I respectfully submit that there is probable cause to believe that Defendant RICHARD SHARON did knowingly and intentionally possess

//

//

//

COMPLAINT/SHARON- 6
Case No. MJ18-438

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

methamphetamine with the intent to distribute it, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18 United States Code Section 2.

GEOFFREY PROVENZALE,
Complainant
Special Agent, DEA

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this 21st day of September, 2018.

THE HON. PAULA McCANDLIS
United States Magistrate Judge

COMPLAINT/SHARON- 7
Case No. MJ18-438

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970